OPINION
{¶ 1} Defendant-appellant Robert Vincent appeals his sentence entered by the Delaware County Court of Common Pleas, on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1); and one count of assault, in violation of R.C. 2903.13(A), after the trial court found appellant guilty upon its acceptance of appellant's plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On August 29, 2003, the Delaware County Grand Jury indicted appellant on two counts of aggravated burglary, one count of felonious assault, and one count of possession of criminal tools. On November 7, 2003, appellant withdrew his former pleas of not guilty and entered guilty pleas to one count of aggravated burglary and one count of assault.
 {¶ 3} At the sentencing hearing, the trial court reviewed the presentence investigation, the victim impact statement, and the recommendations of the adult parole authority. The trial court also heard statements from counsel. The trial court found the assault charge to be a lesser included offense of the aggravated burglary charge. The trial court sentenced appellant to three years imprisonment on the aggravated burglary, the minimum sentence.[2] Appellant filed a Notice of Appeal. This Court initially denied appellant's notice of appeal, finding it untimely. Appellant subsequently filed a motion to file a delayed appeal, which this Court granted.
 {¶ 4} Appellant raises the following assignment of error:
 {¶ 5} "I. The trial court erred by imposing a sentence without making the appropriate findings, said sentence being therefore contrary to law."
 I {¶ 6} Appellant maintains the trial court erred in imposing his sentence without making the requisite statutory findings. Appellant submits, although the trial court found appellant's conduct to be serious, the trial court failed to make the finding based on the enumerated criteria set forth in R.C. 2929.12(B).
 {¶ 7} Appellant pled guilty to aggravated burglary, a first degree felony. For a felony of the first degree, a trial court must impose a definite prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).
 {¶ 8} R.C. 2929.13(D) provides:
 {¶ 9} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 {¶ 10} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime.
 {¶ 11} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense * * *.
 {¶ 12} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find such a sanction would adequately punish appellant, appellant was less likely to re-offend, and such a sanction would not demean the seriousness of the offense, because appellant's conduct was less serious than conduct normally constituting the offense.
 {¶ 13} R.C. 2953.08(B) provides:
 {¶ 14} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 15} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code."
 {¶ 16} The Legislature has expressly provided the prosecution with the right to appeal a trial court's decision overcoming the presumption of imprisonment contained in R.C. 2929.13. No such provision has been made for a defendant to appeal a sentence on the basis the trial court refused to supersede the presumption for a prison term on a first degree felony. This Court has previously found R.C. Section 2953.08 does not provide an appellant with an appeal as of right when the appellant seeks to appeal his sentence upon the trial court's refusal to supersede the presumption for a prison term on a second degree felony nor does the "contrary to law" provision require each and every sentence be subjected to review under the guidelines. State v. Untied (March 5, 1998), Muskingum App. No. CT97-18, unreported; State v. Taylor (Aug. 8, 2003), Tuscarawas App. No. 2002CA78, unreported.
 {¶ 17} Here, appellant was convicted of a first degree felony and was given the minimum sentence; therefore, we find his appeal is not permitted by R.C. 2953.08. Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Delaware County Court of Common Pleas is affirmed. Hoffman, J. Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] As this appeal centers on appellant's sentence, a State of the Facts is unnecessary.
[2] The trial court sentenced appellant to one (1) day on the assault charge, and ordered the term to be served concurrently with the aggravated burglary sentence.